

# PAVAN PARIKH
# HAMILTON COUNTY CLERK OF COURTS

## COMMON PLEAS DIVISION

**ELECTRONICALLY FILED**
**June 20, 2025 10:36 AM**
**PAVAN PARIKH**
**Clerk of Courts**
**Hamilton County, Ohio**
**CONFIRMATION 1650951**

**ORCHESTRATE LLC**                    A 2503028

**vs.**

**BIERMAN ABA INC**

## FILING TYPE:  INITIAL FILING (IN COUNTY) WITH NO JURY DEMAND

## PAGES FILED: 56

EFR200

# IN THE COURT OF COMMON PLEAS

# HAMILTON COUNTY, OHIO

| | |
|---|---|
| **ORCHESTRATE LLC,** <br> c/o Thomas Downing Law Firm <br> 4015 Executive Park Drive, Suite 425 <br> Cincinnati, Ohio 45241 <br><br> Plaintiff, <br><br> v. <br><br> **BIERMAN ABA, INC.** <br> c/o CT Corporation System <br> 4400 Easton Commons Way, Suite 125 <br> Columbus, Ohio 43219 <br><br> **Please also serve:** <br><br> CT Corporation System <br> 334 North Senate Avenue <br> Indianapolis, Indiana 46204 <br><br> Defendant. | Case No. <br><br> Judge <br><br><br><br><br> **COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF** |

Now comes the Plaintiff, Orchestrate LLC, an Ohio limited liability company ("Plaintiff"), by and through the undersigned counsel, and for its Complaint against Defendant Bierman ABA, Inc. ("Defendant") states as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter herein and Defendant pursuant to Section 4.04(B) of the Ohio Constitution and Ohio Revised Code Sections 2305.01 and 2307.382.

1

2.      Venue is proper in this Court under Civ.R. 3(C)(3), (6) and (12) as Defendant conducted activity that gave rise to the claims for relief herein in Hamilton County, and Hamilton County is the county in which all or part of the claims for relief herein arose.

## FACTUAL ALLEGATIONS

3.      On or about March 13, 2023, Defendant executed the Updated Contract with Terms & Conditions ("Initial Agreement") related to the provision of services by Plaintiff.

4.      Attached as *Exhibit A* is a true and correct copy of the Initial Agreement executed by Defendant.

5.      Thereafter, Plaintiff performed under the Initial Agreement.

6.      On or about February 3, 2025, the parties executed the Amendment to Contract ("Amendment"; collectively, the Initial Agreement and the Amendment are referred to as the "Agreement") amending the terms of the Initial Agreement.

7.      Attached as *Exhibit B* is a true and correct copy of the Amendment.

8.      Pursuant to Section 2(b) of the Agreement, the Agreement may be terminated as follows:

> (i) by either party on provision of 60 days' written notice to the other party, without cause;
>
> (ii) by either party for a material breach of any provision of this agreement by the other party, if the other party's material breach is not cured within 30 days of receipt of written notice of the breach.
>
> (iii) by the Company at any time and without prior notice, if the Consultant is convicted of any crime or offense, refuses to comply with the written policies or reasonable directives of the Company, or is guilty of serious misconduct in connection with performance under this agreement;

9.      In Section 2(c), the Agreement further provides that, "[a]fter the termination of this agreement for any reason, the Company shall promptly pay the Consultant for Services rendered, and all other amounts owed hereunder, on or before the effective date of the termination."

10.     In the event of a termination under Section 2(b)(i) or Section 2(b)(ii), above, Defendant is required to pay to Plaintiff an "additional early-termination fee ('Early-Termination Fee') equal to the following:"

> (i)     whichever is higher of the following:" (a) three (3) times the total amount billed or invoiced to Company by Consultant for the thirty (30) days immediately prior to the effective date of the termination, provided that such formula shall not include cabling, equipment purchases or licensing fees and costs; or (b) Fifty-Eight Thousand Two Hundred Sixty Three and 60/100 Dollars ($58,263.60).

> (ii)    Plus, an amount equal to one and one-half (1 ½) times the total amount billed or invoiced to Company by Consultant for any licensing fees and costs for the thirty (30) days immediately prior to the effective date of the termination.

11.     On June 16, 2025, Defendant sent a letter to Plaintiff ("Termination Letter") declaring that it was terminating the Agreement and alleging various unsubstantiated breaches of the Agreement.

12.     Attached as _Exhibit C_ is a true and correct copy of the Termination Letter.

13.     Defendant failed to give notice to Plaintiff of any breaches set forth in the Termination Letter.

14.     Defendant further failed to give Plaintiff any advance notice of termination.

15.     Despite the Termination Letter's recitation of various purported breaches as Defendant's sole basis for termination, Defendant mischaracterized its termination as occurring under Section 2(b)(iii) in an attempt to avoid Defendant's obligation to pay the Early-Termination Fee set forth in the Agreement.

16.     Defendant has clearly and unequivocally indicated that it will not perform its payment obligations under the Agreement.

17.     The Agreement further provides that, in the event of termination, Company shall be responsible for the payment of all amounts owed for the remainder of the term of any licensing agreements or commitments that are not monthly and/or cannot be terminated by Consultant upon 30-days notice to the vendor.

18.     In particular, in connection with these licensing agreements and commitments, Defendant is required to make payment to Plaintiff either (i) within five (5) business days of receipt of any invoice for such cost through the remainder of any applicable Non-Monthly Licensing Commitment term; or (ii) in full upon termination within five (5) business days of the effective date of any termination for all amounts owed for the remainder of the term of any such Non-Monthly Licensing Commitment.

19.     Defendant has clearly and unequivocally indicated that it will not perform its payment obligations under the Agreement.

20.     Defendant has further failed to pay Plaintiff for services rendered, and all other amounts owed under the Agreement, on or before the purported effective date of the termination.

21.     Defendant failed to act in good faith in connection with its obligations under the Agreement.

## FIRST CAUSE OF ACTION
(Breach of Contract)

22.     Plaintiff restates all allegations set forth in this Complaint as if fully restated herein.

23.     The Agreement constitutes a valid and enforceable agreement between Plaintiff and Defendant.

24.     In every contract, including the Agreement, there is an implied duty of good faith and fair dealing.

25.     Plaintiff fully performed under the Agreement.

26.     Defendant materially breached the Agreement, as well as its implied duty of good faith and fair dealing, by unilaterally terminating the Agreement without notice in deliberate violation of the terms thereof.

27.     Defendant has clearly and unequivocally indicated that it will not perform its obligations under the Agreement.

28.     Defendant has further breached the Agreement by failing to pay Plaintiff for services rendered, and all other amounts owed under the Agreement, on or before the purported effective date of the termination.

29.     Therefore, Defendant is in material breach of its obligations under the Agreement.

30.     Defendant's material breach of the Agreement has caused Plaintiff to sustain substantial damages in an amount in excess of $25,000.00.

**SECOND CAUSE OF ACTION**
(Declaratory Relief)

31.     Plaintiff restates all allegations set forth in this Complaint as if fully restated herein.

32.     Plaintiff is interested under, and Plaintiff's rights, status, or other legal relations are affected by, the Agreement.

33.     A real and actual dispute, case, and/or controversy exists between the parties as to the construction and application of Section 2 of the Agreement following a unilateral termination thereof.

34.     Plaintiff seeks a declaratory judgment that Section 2(b)(iii) is inapplicable with respect to the performance of Plaintiff, and that Defendant is in material breach of the Agreement through its unilateral termination of the Agreement without notice.

35.     Plaintiff seeks a declaratory judgment that Defendant's purported termination of the Agreement constitutes a termination under Section 2(b)(i) or Section 2(b)(ii) of the Agreement.

5

**WHEREFORE**, Plaintiff demands judgment as follows:

I.      An award of monetary damages against Defendant and in favor of Plaintiff for an amount in excess of $25,000.00 in an exact amount to be determined at trial;

II.     For declaratory relief as set forth above;

III.    An award in favor of Plaintiff for attorneys' fees, interest and for costs;

IV.     For all other legal and equitable relief to which Plaintiff may be entitled.

Dated: June 20, 2025                    Respectfully submitted,

                                        /s/ Brian Downing
                                        Brian D. Downing, Esq. (0093623)
                                        Ian A. Thomas, Esq. (0093613)
                                        THOMAS DOWNING LAW FIRM
                                        4015 Executive Park Drive, Suite 425
                                        Cincinnati, Ohio 45241
                                        Telephone: (513) 987-0567
                                        Facsimile: (513) 878-6123
                                        brian@thomasdowninglaw.com
                                        ian@thomasdowninglaw.com
                                        *Attorneys for Plaintiff*